IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                              Case No. 2:12-cr-20020

JAMES S. CURTIS                                                                 DEFENDANT

**O R D E R**

The Court has received proposed findings and recommendations (Doc. 23) from Chief United States Magistrate Judge James R. Marschewski. Also before the Court are Defendant James Curtis's Objections (Doc. 25) and the Government's Response (Doc. 26) to those Objections.

On January 31, 2013 a psychiatric report (Doc. 17) was filed in this case recommending that Mr. Curtis be forcibly medicated to attempt to render him competent to stand trial. The Court referred the issue of whether Mr. Curtis should be forcibly medicated to the Magistrate for consideration. The Magistrate conducted a *Sell*[1] hearing on April 3, 2013 and ultimately recommended that Mr. Curtis be forcibly medicated in order to restore his competency.

The Court has carefully reviewed the Magistrate's findings and recommendations, the timely objections filed by Mr. Curtis, and the Government's response. After reviewing the record *de novo* as to Mr. Curtis's objections, the Court finds the Magistrate's reasoning to be sound and further finds that Mr. Curtis's objections offer neither law nor fact requiring departure from the Magistrate's findings. The Court will briefly address Mr. Curtis's objections.

First, the Court does not agree that the Government has failed to show that it has an important governmental interest in bringing Mr. Curtis to trial. Mr. Curtis is charged with a serious crime, the

---

[1] *See Sell v. United States*, 539 U.S. 166 (2003).

circumstances of which are particularly disconcerting. At the time of his arrest in this case, Mr. Curtis was parked outside a government building—the U.S. Attorney's Office in Fort Smith, which is across the street from the federal courthouse—with numerous guns and ammunition in his vehicle. As stated by the Magistrate, the Court is mindful of the number of violent attacks perpetrated by individuals with no criminal history but with either a history or indication of mental disorders. Mr. Curtis is charged with unlawfully and knowingly possessing numerous firearms, notwithstanding the fact that he had been previously committed to a mental institution. The Government certainly has an important interest in enforcing this law and protecting the public by keeping guns out of the hands of those who are not mentally competent to exercise the good judgment required to possess and use a firearm safely and responsibly. A subsequent mental evaluation or commitment seems unlikely to achieve the same deterrent effect, in cases such as this one, as punishment of unlawful behavior through a criminal adjudication and conviction. The Court also notes that the statutory maximum sentence for the crime with which Mr. Curtis is charged is 10 years. 18 U.S.C. § 924(a)(2).

Second, the Court does not agree that the Government has failed to show that involuntarily medicating Mr. Curtis is substantially likely to render him competent to stand trial. Nor does the Court agree that "antipsychotropic medication is clearly ineffective in treating [Mr. Curtis's] disorder." (Doc. 25, p. 10). Mr. Curtis's primary objection in regard to this *Sell* factor appears to be based largely on the fact that the author of the psychiatric report recommending forced medication, Dr. Robert Lucking, at one point had a different opinion as to the effectiveness of the medication he is now recommending be used to forcibly treat Mr. Curtis. Dr. Lucking substantiated the basis for his current belief in the effectiveness of medication to treat Mr. Curtis in both his psychiatric report and during testimony at the *Sell* hearing. The Court finds Dr. Lucking to be

Case 2:12-cr-20020-PKH   Document 27    Filed 05/02/13   Page 3 of 4 PageID #: 174

credible, and Defendant does not appear to challenge his credentials. The fact that Dr. Lucking's medical opinion about the effectiveness of a certain medication has evolved or changed over time is not necessarily evidence that his later opinion must be wrong or not credible. Rather, if a medical professional—or a professional in most any field—did *not* allow their opinions or understandings to evolve in light of new evidence or new information, then the professional's credibility and professional integrity would be questionable. Dr. Lucking set forth the evidence and information he relied upon in making his determinations, and the Court finds no reason to discredit Dr. Lucking's findings as to the likely effectiveness of the medication he recommends in this case.

Any other objections raised by Mr. Curtis are similarly overruled as having been adequately addressed by the Report and Recommendations issued by the Magistrate.

The Court therefore concludes that the findings and recommendations of the Magistrate (Doc. 23) should be, and hereby are, approved and adopted as this Court's findings in all respects in their entirety. For the reasons stated in the Report and Recommendations, as well as those reasons stated herein, the Court finds and orders as follows:

- The medical center staff are ordered to provide Mr. Curtis with a copy of this Order as well as a copy of the Magistrate's Amended Report and Recommendation;

- The medical center staff are to medicate Mr. Curtis in a manner consistent with the medication plan outlined in Dr. Lucking and Dr. Weaver's report, dated January 24, 2013;

- All medical center staff are to first request that Mr. Curtis voluntarily take medication before each forced administration of medication; and

- If Mr. Curtis declines to voluntarily take prescribed medication within ten days of

   this Order or within five days of his arrival at the appropriate medical facility, whichever is later, for the first administration and within medically reasonable times thereafter, the medical center staff is authorized to administer the medication by injection;

- Defendant's commitment to the Butner Federal Medical Center is continued, pursuant to 18 U.S.C. § 4241(d), for a period of up to four months;

- At the end of this four-month period, or whenever Mr. Curtis's competency is restored, whichever is sooner, the medical center shall file a report with the Court detailing the results of treatment, whether Mr. Curtis's competency has been restored, and what side effects from the medication, if any, might affect Mr. Curtis's ability to assist in his defense; and

- The delay occasioned by the competency proceedings and hospitalization and treatment of Mr. Curtis are excluded for purposes of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(4).

IT IS SO ORDERED this 2nd day of May, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE